## IN THE TAX COURT OF THE STATE OF OREGON

### F. E. GLENN
*v.*
### The CITY OF BOARDMAN
(TC 4210)

F. E. Glenn (Petitioner) appeared *pro se*.

Thomas W. McPherson, Mersereau & Shannon, Portland, represented Respondent.

Decision for Respondent rendered April 10, 1998.

### CARL N. BYERS, Judge.

Petitioner challenges Respondent's 1996-97 and 1997-98 property tax levies, seeking a refund of that portion of the 1996-97 tax levy which Petitioner believes exceeded the tax base. There is no dispute of material fact, and the matter has been submitted to the court on cross Motions for Summary Judgment.

### FACTS

On April 17, 1995, Petitioner and other property owners filed a Petition with Respondent for annexation of certain property to the City of Boardman. A majority of the voters and property owners, living in the area proposed to be annexed, consented to it on condition that the annexation be completed before July 1, 1995. They believed that a statutory "window" existed which would allow annexation without any increase in the property tax base. This belief arose from their view of the relationship between ORS 308.225[1] and Article XI, section 11(4), of the Oregon Constitution.[2]

■    ORS 308.225 instructs the assessor, when preparing the assessment roll, to disregard annexations if the description and map are not filed in final approved form by March 31. Because the petition for annexation was not filed until April 17, 1995, Petitioner knew the assessor had to disregard it for purposes of the 1995-96 assessment roll.

■    In 1995, Article XI, section 11(4), of the Oregon Constitution, provided that increases in the tax base due to annexation shall occur in the fiscal year *following annexation*. Based on these provisions, Petitioner concluded that if an annexation was initiated after March 31 and completed before the beginning of the next fiscal year, the tax base could

---

[1] All references to the Oregon Revised Statutes are to 1995 except where expressly noted otherwise.

[2] Article XI, section 11(4), of the Oregon Constitution, was repealed by HJR 85, 1997, adopted by the people May 20, 1997.

never be increased on account of that annexation. Petitioner also believes that:

> "[T]he only way to 'increase' the tax base by reason of annexation is to levy it. Mere calculation of what the increase might have been is not an 'increase' within the meaning of Section 11, Article XI of the Oregon Constitution."

In compliance with the petition for annexation, Respondent enacted Ordinance No. 172, annexing the property to the city. The ordinance was signed June 27, 1995, and filed with the Secretary of State on June 30, 1995. Therefore, the annexation was completed prior to July 1, 1995, in compliance with the conditional consent to the annexation.

For fiscal year 1995-96, the year immediately following annexation, Respondent's notice of tax levy showed an increased tax base, but Respondent did not levy an increased tax. For fiscal years 1996-97 and 1997-98, Respondent did levy an increased property tax consistent with an increased tax base.[3] Petitioner filed his Petition in the Tax Court on September 15, 1997, challenging any tax levy in excess of the preannexation tax base.

## ANALYSIS

■    Petitioner's Motion for Summary Judgment must be denied. Petitioner's position confuses a tax base with a tax levy. ORS 310.130 provided:

> "When the boundaries of a taxing district to which the power to levy an ad valorem tax shall have been delegated, have been expanded through annexation of territory, then for the purpose of applying the limitation contained in section 11, Article XI, Oregon Constitution, the tax base of said taxing unit for the fiscal year next following the annexation shall be increased by an amount equal to the assessed valuation of the taxable property in the annexed territory for the fiscal year of the annexation multiplied by the millage

---

[3] It is interesting to note that in the year of annexation, the value of taxable property in the annexed area was $32,894,430 while the value of the property in the City of Boardman was $30,415,000, thus the annexation increased the tax base from $200,000 to $436,909.

rate within the tax base of the annexing unit for the fiscal year of the annexation, plus six percent of said amount."

There is nothing in ORS 310.130 or in Article XI, section 11(4), of the Oregon Constitution, that ties an increase in the tax base with the passage of a levy. Rather, upon completion of annexation, the tax base is increased as a matter of law. The tax base is merely a limitation; the local governmental unit may or may not choose to levy a tax equal to it.

Petitioner contends that Oregon Laws 1997, chapter 541, section 354a, was enacted to "fix" the problem. That is, the legislature also believed, that because the city did not approve the map for annexation until after March 31, that the tax base did not increase in the next fiscal year. However, as outlined above, that legislation was not necessary as the tax base increases as a matter of law. The window did not need to be closed, it never existed.

Respondent asserts that Petitioner's claim is barred by the statute of limitations. It contends that Petitioner's exclusive remedy for challenging a tax levy is through ORS 294.485. Under that statute, taxpayers may appeal to the Tax Court within 30 days after a notice of levy is filed with the assessor. Respondent's notice of levy for the 1996-97 tax year was filed July 9, 1996. That notice and the ensuing levy were never challenged. Petitioner did not file his Petition in this court until September 15, 1997.

■ Petitioner admits that his claim is time-barred under ORS 294.485, but asserts that he is also entitled to challenge the levies under ORS 305.583(1). However, when Petitioner filed his petition on September 15, 1997, that statute provided:

"Ten or more interested taxpayers may petition the Oregon Tax Court to determine the effect of the limits of section 11b, Article XI of the Oregon Constitution on any tax, fee, charge or assessment imposed by a unit of government."[4]

---

[1] Petitioner is relying on ORS 305.583(1) as it was amended effective October 4, 1997.

The statute provided no remedy for issues arising under Article XI, section 11(4), of the Oregon Constitution. It is true that with the passage of Measure 50 (HJR 85, 1997, adopted May 20, 1997) ORS 305.583(1) was amended to include "section 11." However, that reference is to the new "tax rate" section 11 and not the repealed "tax base" section 11 that Petitioner relies on.

■    Petitioner contends that the new section 11, specifically section 11(3)(a)(A), bridges the gap between the laws as they existed in 1995 and 1997. As amended by Measure 50, the relevant language of section 11(3)(a)(A) reads:

> "The Legislative Assembly shall enact laws to reduce the amount of ad valorem property taxes imposed by local taxing districts in this state so that the total of all ad valorem property taxes imposed in this state for the tax year beginning July 1, 1997, is reduced by 17 percent from the total of all ad valorem property taxes *that would have been imposed under repealed sections 11 and 11a of this Article (1995 Edition) * * *.*" (Emphasis added.)

Petitioner argues that because this section "incorporates the provisions of repealed [s]ection 11 (1995 Edition) * * * it is necessary to refer to those former limitations." Although it may be necessary to refer to the former limitations, that reference does not create a taxpayer remedy. Mere reference to the former limitations does not give Petitioner any basis for claiming that specific tax levies made under those former limitations were void.

■    Section 11(3)(a)(A) directs the legislature to enact laws to reduce the *total* ad valorem property taxes levied in the state. Under this provision, Petitioner might claim that the legislature did not do what the constitution required it to do, *i.e.*, reduce taxes by 17 percent. However, that provision does not address specific tax levies or individual taxing districts.

■    In summary, the annexation was completed prior to July 1, 1995, and the tax base was thereby increased as a matter of law. Even if the legislature's "Boardman fix" (Oregon Laws 1997, chapter 541, section 354a) was effective and changed the date of annexation to July 1, 1995, Respondent did not levy an increased tax until the 1996-97 tax year.

Under either view, Respondent did not levy a tax in excess of its tax base. Moreover, Petitioner has no remedy under ORS 305.583 and any claim under ORS 294.485 is barred by the statute of limitations. Now, therefore,

IT IS ORDERED that Petitioner's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Respondent's Motion for Summary Judgment is granted.